IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF, DIVISION

JAMES COOPER, JR     PB-C- 98 - 244     PETITIONER

VS     CR: 96-880

LARRY NORRIS     RESPONDENT
Arkansas Department of Correction

This case assigned to District Judge _____
and to Magistrate Judge _____

PETITION FOR HABEAS CORPUS RELIEF PURSUANT
TO 28 U.S.C.A SEC. 2254

     Comes the Petitioner, James Cooper, Jr., by and through his Attorney, Kearney Offices, and for his Petition For Habeas Corpus Relief states:

     1. Petitioner was tried and convicted of Capital Murder in Crittenden County on June 18, 1995.

     2. Petitioner was sentenced to Life Without Parole.

     3. Trial Counsel was so ineffective that the effect was that Petitioner was that Petitioner was aggregiously prejudiced amounting to being forced to trial without Counsel thus violating his 6th amendment right.

     a. Trial Counsel raised no procedural objection to the autopsy report of victim being introduced through the ballistics expert. The State has responsibility of proving their case and introducing evidence according to ARE. Trial Counsel did not hold them to this burden.

     b. Trial Counsel failed to object to statements by a police detective regarding a

1

previous shooting in which Petitioner was shot multiple times by victim. Opposition may have argued it goes to motive for the shooting, but all evidence clearly demonstrate Petitioner was not the shooter, at most he was an after the fact accomplice to trial Counsel was not diligent in refusing objecting to testimony concerning the previous shooting which had to prejudice a jury towards Petitioner.

    c. Trial Counsel failed to explain accomplice liability to Petitioner, had Petitioner understood that he could suffer the same penalties as the shooter he would have taken the plea offered to avoid a life sentence.

    4. The Court refused to sever Co-defendants. Petitioner submits that he could have and would have been an excellent witness for the State and that this could have mitigated his minor involvement. The Court by refusing to sever, effectively blocked an opportunity to settle this case.

    5. Petitioner petitioned the Arkansas Supreme Court pro-se for appointed counsel and a transcript to proceed with a Rule 37. The Court denied Petitioner therefore blocking 6th Amendment right to Counsel and due process because no transcript available. Petitioner failed in this action.

    6. Petitioner believes he has a meritious, substantial and strong appeal from the conviction in that trial counsel was ineffective, gave little or no advice and was an unwitting bystander.

    7. The Petitioner can not properly represent himself at post conviction hearings, the state court of last resort erroneously upheld back of effective counsel, therefore the Defendant is entitled to relief under 5th, 6th & 14th Amendments to the U.S. Constitution and pursuant to federal statutory law, to the issuance of a Writ of Habeas Corpus directing that

Petitioner be released from unjust incaration and be provided the rights and procedures to which he is constitutionally entitled.

WHEREFORE, Petitioner James Cooper, Jr., prays that this Honorable Court grant the Writ of Habeas Corpus, directing that Petitioner forthwith be released from the custody of State officials; that Petitioner, be granted the right of appeal from the jury trial conviction on such appeal; and for all other relief which this Court may deem to be proper under the circumstances of the case.

Respectfully submitted,

*John L. Kearney*
JOHN L. KEARNEY
Attorney At Law
P.O. Box 8276
Pine Bluff, AR 71611
(870) 536-1056

## CERTIFICATE OF SERVICE

I, John L. Kearney, certify that a copy of the above and foregoing instrument was mailed to:

Winston Bryant
Attorney General
State Capitol Building
Markham & Spring Streets
Little Rock, AR 72201

this 10th day of June, 1998.

*John L. Kearney*
JOHN L. KEARNEY