**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 0 1998

JAMES W. McCORMACK, CLERK

By _____
DEB. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES COOPER, JR.                                                    PETITIONER

vs.                                No. PB-C-98-244

LARRY NORRIS, Director,                                          RESPONDENT
Arkansas Department of Correction

RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Comes now respondent, Larry Norris, by and through counsel, Winston

Bryant, Attorney General, and Todd L. Newton, Assistant Attorney General, and

for his response, states:

I.

Procedural History

On June 16, 1995, petitioner was convicted by a jury in Crittenden County

Circuit Court of capital murder and was sentenced to life imprisonment.  A copy

of the Judgment and Commitment Order is attached as **Respondent's Exhibit**

**1**.  On appeal, petitioner raised the following claims:

(1)      the trial court erred in denying his motion for severance;

(2)      the evidence was insufficient to support his conviction;

(3)      the trial court erred in allowing the State to strike a black
prospective juror;

(4)      the trial court erred in allowing the State to introduce
evidence that petitioner failed to sign an affidavit for an arrest
warrant after the victim previously shot him; and

(5)   the trial court abused its discretion in failing to remove certain jurors for cause.

A copy of the argument portion of petitioner's appeal brief is attached as **Respondent's Exhibit 2**.  On April 15, 1996, the Arkansas Supreme Court affirmed petitioner's conviction.  Cooper v. State, 324 Ark. 135, 919 S.W.2d 205 (1996).

On May 28, 1996, petitioner filed a Rule 37 petition in Crittenden County Circuit Court, raising the following claims:

(1)   trial counsel was ineffective for failing to object to the introduction of the autopsy report;

(2)   trial counsel was ineffective for failing to object to the form of questions concerning a prior shooting involving petitioner and the victim; and

(3)   trial counsel was ineffective for failing to object to Detective Durham's testimony based on the crime lab report which indicated that the slugs removed from the victim's body appeared to be from a .40 caliber firearm.

A copy of the petition is attached as **Respondent's Exhibit 3**.  On June 7, 1996, petitioner's Rule 37 petition was denied by an Order attached hereto as **Respondent's Exhibit 4**.  On September 18, 1997, the denial of his Rule 37 petition was affirmed by the Arkansas Supreme Court in an unpublished opinion, a copy of which is attached as **Respondent's Exhibit 5**.

For purposes of these proceedings, respondent admits that petitioner is in his custody and that there are currently no available non-futile state remedies. Respondent also denies each and every material allegation unless otherwise stated herein.

2

II.

## Present Petition

On June 10, 1998[1], petitioner filed the present petition for federal habeas relief, raising the following claims:

(1)   trial counsel was ineffective for failing to object to the introduction of the autopsy report through the ballistics expert;

(2)   trial counsel was ineffective for failing to object to statements by a police detective regarding a previous shooting in which petitioner was shot by the victim;

(3)   trial counsel was ineffective for failing to explain accomplice liability to petitioner;

(4)   the trial court erred in refusing to grant petitioner's motion to sever, thereby blocking petitioner's opportunity to settle the case by testifying for the State; and

(5)   the Arkansas Supreme Court denied petitioner's Sixth Amendment right to counsel by refusing to appoint counsel to represent him in his post-conviction proceeding and denied petitioner due process by refusing to provide him with a transcript.

Because petitioner's claims are procedurally defaulted, this petition should be dismissed.

In Battle v. Delo, 19 F.3d 1547 (8th Cir. 1994), the Eighth Circuit Court of Appeals discussed the criteria that must be met before a petitioner can raise his claims in a federal habeas petition:

> [W]e recognize that before a petitioner can bring a federal habeas action, he must have presented the same legal theories and factual bases to the state courts. Claims not presented to the state court are procedurally barred unless [petitioner] can show cause or actual prejudice; if he cannot meet this

---

[1] Respondent was not served with the petition until October 22, 1998.

> standard, he can present these claims to the federal
> courts if failure to hear them would result in a
> "miscarriage of justice" because he has evidence of
> his "actual innocence."

Id. at 1552 (citations omitted).  As the Eighth Circuit Court of Appeals later stated, "it is not necessary to cite 'book and verse of the federal constitution.' At minimum, though, the petitioner during direct appeal must have explicitly referred the state courts to the United States Constitution or federal case law." Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir.) (citations omitted), cert. denied, 116 S. Ct. 1578 (1996).  To prove the element of cause, petitioner would have to show that there was some external impediment which prevented him from constructing or raising the claim.  Murray v. Carrier, 477 U.S. 478, 492 (1986). An examination of the prejudice prong is not warranted unless petitioner can establish cause for his procedural default.  McCleskey v. Zant, 499 U.S. 467, 502 (1991).

In this case, **claims 1, 2,** and **3** are procedurally defaulted based upon petitioner's failure to properly raise and preserve them in state court.  See **Respondent's Exhibit 5**.  Similarly, **claim 4** is procedurally defaulted because petitioner did not present the same legal argument in his direct appeal.  In that appeal, petitioner challenged the trial court's denial of his severance motion only on the grounds that petitioner had an antagonistic defense from that of his codefendants, that the evidence was strong against petitioner's codefendants but weak as to him, and that the denial of his severance motion denied him his right to remain silent in violation of the Fifth Amendment.  See **Respondent's**

4

**Exhibit 2.**   Finally, **claim 5** is procedurally defaulted because, despite requesting counsel and access to the transcript, petitioner did not assert either a Sixth Amendment right to counsel or a due process right to the transcript. Rather, petitioner merely asserted that he was indigent and had limited knowledge of or access to the law.  A copy of petitioner's motion for counsel is attached as **Respondent's Exhibit 6**, and the per curiam opinion denying it is attached as **Respondent's Exhibit 7**.  Respondent also observes that to the extent petitioner asserts his Sixth Amendment claim as an individual basis for habeas relief, he cannot succeed because there is no right to counsel in a state post-conviction proceeding, and thus no constitutional violation in the supreme court's denial of his request.   Coleman v. Thompson, 501 U.S. 722 (1991). Similarly, petitioner cannot argue his lack of counsel as cause where there is no right to counsel.  Accordingly, these claims are defaulted unless petitioner can show cause and prejudice or establish that he is actually innocent.

In Coleman, the Supreme Court addressed the importance of respecting state procedural rules:

> We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them . . . All of the State's interests -- in channeling the resolution of claims to the most appropriate forum, in finality, and in having an opportunity to correct its own errors -- are implicated whether a prisoner defaults one claim or all of them.  A federal court should not interfere in either case.

5