FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 6 1998

JAMES W. McCORMACK, CLERK
By: _____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES COOPER, JR.

V.                                PB-C-98-244

LARRY NORRIS,                                      RESPONDENT

## ORDER

The court has examined this petition for habeas corpus
relief.   The respondent contends that petitioner did not
properly present his federal claims in state court and that he
has procedurally defaulted the claims.   If a petitioner has
procedurally defaulted his federal claims, he can obtain
review if he shows cause for his default in state court and
actual prejudice as a result of the constitutional violation.
Wainwright v. Sykes, 433 U.S. 72, 88-90 (1977).   The existence
of cause "must ordinarily turn on whether the prisoner can
show some objective factor external to the defense impeded
counsel's efforts to comply with the State's procedural rule."
Murray v. Carrier, 477 U.S. 478, 488 (1986).   For example, a
showing that the factual or legal basis for the claim was not
reasonably available to counsel, that some interference by
officials made compliance impracticable, or that counsel's
performance was constitutionally ineffective under Strickland
v. Washington, 466 U.S. 668 (1984), would constitute factors

AO 72A
(Rev.8/82)

external to the defense and cause for a procedural default.
Coleman v. Thompson, 501 U.S. 722, 753 (1991). Where a
prisoner has no constitutional right to an attorney, such as
in state post-conviction proceedings, any attorney error that
led to default cannot constitute cause to excuse the default
in federal court. Id. at 757.

A petitioner also may obtain review if he can show that
"a constitutional violation has probably resulted in the
conviction of one who is actually innocent." Murray v.
Carrier, 477 U.S. at 496. To meet the actual innocence
standard, a petitioner must present **new reliable evidence** not
presented at trial and demonstrate that "it is more likely
than not that no reasonable juror would have found" him
"guilty beyond a reasonable doubt." Schlup v. Delo, 115 S.Ct.
851, 867 (1995); Brownlow v. Groose, 66 F.3d 997, 999 (8th
Cir. 1995).

The petitioner is hereby ORDERED to submit to the Court,
by December 18, 1998, a written statement describing the
circumstances that led to the petitioner's failure to obtain
a ruling on the merits of each ground that the respondent has
alleged is now procedurally barred. The statement should be
brief and to the point. It should only state facts. It
should not contain any citation to legal authority of any
kind. The petitioner should address each ground separately.

-2-

AO 72A
(Rev.8/82)

If there is no excuse for petitioner's failure to obtain a state court ruling, the petitioner should say so. Petitioner may also submit **new** reliable evidence not presented at trial to demonstrate that "it is more likely than not that no reasonable juror would have found" him "guilty beyond a reasonable doubt." The written statement shall be titled "Petitioner's Statement of Cause and Prejudice." It should be mailed to the Court Clerk's office for filing and must include the style of the case and case number. The petitioner should not mail a letter directly to the judge in response to this order.

IT IS SO ORDERED this ___17th___ day of _November_, 1998.

_____
UNITED STATES MAGISTRATE JUDGE

THIS DOCUMENT ENTERED ON DOCKET SHEET IN
COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP
ON __11-19-98__ BY _____

-3-

AO 72A
(Rev.8/82)

bm

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Post Office & Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325


November 19, 1998



* * MAILING CERTIFICATE OF CLERK * *


Re:   5:98-cv-00244.



True and correct copies of the attached were mailed by the clerk to the
following:


        John L. Kearney, Esq.
        Kearney Law Offices
        100 Pine Street, Suite A
        Post Office Box 8276
        Pine Bluff, AR   71611-8276

        Todd Lister Newton, Esq.
        Arkansas Attorney General's Office
        Catlett-Prien Tower Building
        323 Center Street
        Suite 200
        Little Rock, AR   72201-2610




                                        James W. McCormack, Clerk

Date: _____ 11-19-98 _____          BY: _____