IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION



JAMES COOPER, JR.                                                                            PETITIONER

V.                                        NO. PB-C-98-244

LARRY NORRIS, Director,
Arkansas Department of Correction                                                     RESPONDENT

## PETITIONER'S STATEMENT ON ISSUES OF PROCEDURAL DEFAULT IN STATE COURT

The Court has directed petitioner to provided brief, factual explanations for all procedural defaults, of any of the issues raised in the petition for habeas corpus relief herein, which the respondent claims has been defaulted in the state court.

Petitoner's habeas corpus filing herein raises five (5) issues: the first three (3) concerning ineffective assistance of trial counsel; the fourth, concerning, the trial court's denial of a motion to sever parties, and; the fifth, concerning a denial of petitioner's request for appointed counsel on appeal of his state court Rule 37 petition.

Respondent claims the first three (3) issues raised in the habeas petition are defaulted by petitioner's failure to raise and preserve them before the state court. Petitioner did raise his first 3 issues herein to the state court, by a <u>Petition for Relief under Rule 37, A.R. Crim. P.</u>, timely filed with the trial court after denial of his direct appeal. See Respondent's Exhibit 3 herein. Petitioner's preservation of these issues failed, however, solely because, as a <u>pro se</u> litigant, he failed to properly abstract the trial record in his brief, in the appeal of the Rule 37 denial, to the Arkansas Supreme Court. See Respondent's Exhibit 5. A fair reading of Respondent's Exhibit 3, however,

demonstrates that petitioner adequately raised the issues of ineffective assistance of counsel to the trial court in his initial Rule 37 petition, including by citation to relevant pages of the trial record, that those issues were readily cognizable on appeal to the Arkansas Supreme Court, without necessity of the technicality that petitioner present them again, by citation, in a separate brief to the Arkansas Supreme Court, and the Arkansas Supreme Court was simply over-technical, and in error, in using this as a basis for denying the Rule 37 appeal. Accordingly, it was the Arkansas Supreme Court, erroneously applying a pleading technicality as a basis for dismissiong petitioner's Rule 37 appeal, which constituted a factor external to the defense, causing the procedural default of those issues. For these reasons, claims 1, 2 and 3 herein, regarding ineffective assistance of counsel, should be allowed to proceed, as petitioner did all within his power to preserve the issues before the state court of last resort, and it was only an erroneous reliance of that court, on a technicality of pleading, which caused the issues to be defaulted and lost. The petitioner has shown good cause why the default of these issues should be excused.

Respondent claims that issue 4, as raised in the present habeas petition, concerning failure of the trial court to grant a motion to sever defendants at trial, is barred because petitioner raises a new theory herein, as to why the denial of the motion was wrongful. On direct appeal of his case in state court, petitioner raised several reasons only the denial of the motion sever was wrongful. In his Rule 37 petition, as well as herein, petitioner raised an additional concern, that denial of severance prevented his ability to cooperate in or voluntarily plead his case for disposition. This new concern goes to the effect of the denial of the severance, not the merits or legality of the denial itself. Petitioner claims in the present petition, as he did on direct appeal, that there was no legal basis for the denial of severance, and that the denial was prejudicial. Mere introduction of, or citation to, other harm caused by the erroneous ruling, does not constitute a new legal argument on the issue.

Accordingly, there is no new or different legal argument on the issue of the trial court's denial of severance. The issue was properly raised on direct appeal, and was thus preserved for the present petition.

Finally, respondent contends that issue 5 of the habeas petition, which complains of the state court's denial of appointed counsel, and of production of the trial record, to petitioner, on appeal of his Rule 37 motion, is unfounded because there is no constitutional right to appointment of counsel, or to production of a trial record at the state's expense, in post-trial proceedings. Petitioner concedes this analysis, however, he would point out that the denial of this assistance to petitioner, tends to reinforce petitioner's argument above, that in representing himself pro se before the state court on appeal of his Rule 37 petition, he did all reasonably within his power to, and did, adequately raise and preserve all issues contained in that petition, as it was presented to the trial court, for present consideration by this federal court. More specifically, petitioner's actions and efforts to properly and fully litigate the issues raised in his Rule 37 petition, to the Arkansas Supreme Court, adequately raised and preserved petitioner's issues 1, 2, 3 and 4 herein, for present consideration by this Court.

Respectfully submitted,

By: _____
John L. Kearney
Attorney at Law
Post Office Box 8276
Pine Bluff, Arkansas 71611
(870) 536-1056

## CERTIFICATE OF SERVICE

I, John L. Kearney, certify that a copy of the above and foregoing instrument was mailed to: Attorney General's Office, 200 Tower Building, 323 Center Street, Little Rock, AR 72201, this 28th day of December, 1998.

_____
John L. Kearney