FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 - 2001

JAMES W. McCORMACK, CLERK
By:_____
            DEPUTY CLERK

In the United States Court of Appeals for the Eighth Circuit

James Copper, Jr.                                                                Appellant

Vs.                            No. PB-C-98-244  HW

Larry Norris, Director                                                           Appellee
Arkansas Department of Correction

Request for Permission of Leave to Proceed with belated Certificate of Appealibility

Comes now Appellant, James Copper, Jr, being duly sworn deposes and avers:

1.

Appellant contends that on the 10th day of June, 1998 he caused to be filed by way of counsel, John L. Kearney his petition for Habeas Corpus relief pursuant to 28 U.S.C.A. Section 2254.

2.

Counsel Kearney sought five (5) points in which to argue in Appellant's Habeas petition. The first three (3) allegations of Appellant's Habeas petition, was raised on Appellant's petition for post-conviction relief pursuant to Rule 37. Thus on appellate review of the Rule 37 proceedings, appellant was denied the record for abstract purposes and thus could not comply with the State Supreme Court Rules, rendering his brief non-compliance. Habeas counsel an advocate of the Arkansas Bar should have been cognizant and familiarized himself with State and Federal Procedural Laws, if counsel would have did so, first he would have found that issues not properly adequately entertained by trial and high state courts are not preserved for federal court review. U.S. v. Easter, 981 F2d. 1549, 1557 (10th Cir 1992).

Allegations not so presented to State Court's or presented to State Court thus not properly entertained on the merits is not reviewable in federal court due to the fact the claim has not been fully exhausted adequately counsel should have been aware of the rules, laws and standards prior



RECEIVED
FEB 1 2001
U. S. COURT OF APPEALS
EIGHTH CIRCUIT

to submitting defaulted allegations in which would forever bar appellant from Habeas review of preserved issues. This lack of knowledge to not present on a Habeas petition inadequately exhausted allegations could only serve as a unwitting Habeas draftsman proceeding with perfunctory skills resulting in appellant's loss of viable due process violation. That can not ever be entertained by any reviewing Court. Humphrey v. Cady, 405 U.S. 504, 516 N18 (1972); Picard v. Connor, 404 U.S. 270, 276-77 (1971).

That on or about the 28th day of December, 1998 counsel John L. Kearney caused to be filed on behalf of appellant, petitioner's statement on issues of procedural default in State Court, in an effort to clean up what damage he had caused in preparing appellant's Federal Habeas petition. Although, appellant's cognizant that he is not entitled to counsel after his first direct appeal, not can appellant claim any irregularities by counsel during the habeas proceeding thereafter. Evitts v. Lucey, 469 U.S. 387, 396-99 (1985).

Thus, it somehow startles appellant how the federal Courts can sit and concur with a straight face and allow themselves to misconstrue the 55th,6th and 14th Amendments by saying a defendant has a right to counsel at trial and on direct appeal, but there after a defendant deserves no right to counsel or to any allegations as to counsel's violation of a defendant's right, allowing counsel to bulldoze through a defendant's right, proceed with profuncatrie skills by way of boring a defendant, due to counsel's carelessness more or less. The U.S. Supreme Court is saying we will not allow counsel to violate the 5th,6th and 14th Amendment post trial. Trial and direct appeal of any defendant, but is counsel violates the 5th,6th or 14th Amendment during post conviction, Federal Habeas appeal to U.S. Court of Appeals counsel is not liable for his faults that preposterous. Nevertheless, the only avenue to submit this issue would be rehearing en-banic. Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990).

## Cause and Prejudice

Why belated appealability should be granted.

1. That on the 16th day of March, 1999, recommended dispostion by Magistrate Judge, John F. Foster, Jr., that petitioner's petiton for Writ of Habeas Corpus be dismissed with prejudice [entry date 03/17/99] See Exhibit "A" annexed here to wit.

2. That in the 30th day of March, 1999 an order by Judge Henry Woods adopting recommended discposititon [7-1]; Judgement will be entered dismissing the petition for Writ of Habeas Corpus with prejudice; terminating case (cc: all counsel (bm) ; [entry date 3-31-99] See Exhibit "A" attached here to wit.

3. On the 3rd day of March, 1999 judgement by Judge Henry Woods pursuant to the order filed this date; case dismissed with prejudice [cc: all counsel) (bm) [entry date 03/31/99.] See Exhibit "A".

Appellant sought to appeal his denial of his Habeas petition, thus the Court and counsel failed to appellant a timely fair notice of the dismissal of his habeas petition denying appellant od his 5th and 14th Amendment right to due process.

That in the 14th day of November, 2000 appellant requested from the U.S. District Court Clerk, James W. McCormack, the clerk then forwarded appellant exhibit "A" annexed here to-wit on the 20th day of November, 00. On the 29th day of Nov, 00, appellant sought information as to the final disposition in this case by way of certified letter to John L. Kearney returned on the 1st day of December, 2000. To no avail as of this date has counsel responded to appellant's certified mail. Exhibit "B"

Where an appellant sought on appeal, but was not afforded an opportunity of a fair notice of a final disposition within reasonable time constitutes external factors beyond petitioner's

control and sufficient cause to excuse default of timely filed motion for appealibility and notice of appeal. <u>Dorman v. Wainwright</u>, 798 F2d. 1358, 1370 (11th Cir 1986).

Wherefore, appellant pray that this Honorable Court to grant belated Certificate of Appealibility for the cause and prejudice shown.

Respectfully Submitted,

*James Cooper II*

#106249 Bks. 6-B
P.O. Box 500
Grady, AR 71644-0500

Certificate of Service

I, the undersign pro-se appellant do hereby certify that a true and correct copy of the above foregoing pleading had been served on all parties involved by properly placing same in the U.S. Mail, postage pre-paid. This ___29th___ day of ___Jan.___, 2001.

/s/ *James Cooper*

State of Arkansas }
              }SS
County of Lincoln}

Subscribed and Sworn before me this ___29th___ day of ___Jan.___ 2001.

Notary: _____

My Commission Expires: __6-11-05__

*Exhibit "A"*

```
                                                          TERMED RD
                       U.S. District Court
         USDC for the Eastern District of Arkansas (Pine Bluff)

              CIVIL DOCKET FOR CASE #: 98-CV-244
```

Cooper v. Norris
Assigned to: Judge Henry Woods                          Filed: 06/10/98
Demand: $0,000
Lead Docket: None                            Nature of Suit: 530
Dkt# in other court: None                    Jurisdiction: Federal Question

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)


JAMES COOPER, JR                     John L. Kearney
      plaintiff                      [COR LD NTC]
                                     Kearney Law Offices
                                     100 Pine Street, Suite A
                                     Post Office Box 8276
                                     Pine Bluff, AR 71611-8276
                                     (870) 536-1056


     v.


LARRY NORRIS, Director,              Todd Lister Newton
Arkansas Department of               [COR LD NTC]
Correction                           U. S. Attorney's Office
      defendant                      Eastern District of Arkansas
                                     425 West Capitol Avenue, Suite 500
                                     Post Office Box 1229
                                     Little Rock, AR 72203-1229
                                     (501) 324-5342




Docket as of November 20, 2000 8:41 am                    Page 1

EXHIBIT A

Proceedings include all events.                                          TERMED
5:98cv244 Cooper v. Norris                                               RD

| Date | # | Description |
|---|---|---|
| 6/10/98 | 1 | PETITION for writ of habeas corpus; filing fee of $5.00 pd, receipt #79023 (kp) [Entry date 06/16/98] |
| 6/24/98 | 2 | ORDER by Mag. Judge John F. Forster Jr. that the petition for writ of habeas corpus has been filed and the respondent will have 20 days after service of the petition to answer (EOD 6/24/98) (cc: all counsel) (bm) [Entry date 06/24/98] |
| 9/2/98 | 3 | MOTION by plaintiff for judgment on the pleadings and to strike (bt) [Entry date 09/04/98] |
| 11/10/98 | 4 | RESPONSE by defendant to habeas corpus petition [1-1] (bm) [Entry date 11/12/98] |
| 11/18/98 | 5 | ORDER by Mag. Judge John F. Forster Jr. directing the petitioner to submit by 12/18/98 a written statement titled "Statment of Cause and Prejudice" regarding alleged procedural default (cc: all counsel) (bm) [Entry date 11/19/98] |
| 12/28/98 | 6 | PETITIONER'S STATEMENT ON ISSUES of procedural default in state court in response to order [5-1] [5-1] (lb) [Entry date 12/29/98] |
| 3/16/99 | 7 | Recommended Disposition by Mag. Judge John F. Forster Jr. recommending that petitioner's petition for writ of habeas corpus be dismissed with prejudice (bm) [Entry date 03/17/99] |
| 3/30/99 | 8 | ORDER by Judge Henry Woods adopting Recommended Disposition [7-1]; judgment will be entered dismissing the petition for writ of habeas corpus with prejudice; terminating case (cc: all counsel) (bm) [Entry date 03/31/99] |
| 3/30/99 | 9 | JUDGMENT: by Judge Henry Woods pursuant to the Order filed this date, case is dismissed with prejudice (cc: all counsel) (bm) [Entry date 03/31/99] |

*Handwritten notes:*
① Need to get Agreement Papers
② Send Certified letter to John Kearney

*[illegible handwritten text]*

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To: Exhibit "B"

| | |
|---|---|
| Postage | $ .33 |
| Certified Fee | 1.40 |
| Return Receipt Fee (Endorsement Required) | 1.25 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.98 |

Postmark Here

J Cooper #10249

Name (Please Print Clearly) (to be completed by mailer)
John L. Kearney - atty
Street, Apt. No.; or PO Box No.
P.O. Box 8276
City, State, ZIP+4
Pine Bluff, AR 71611

PS Form 3800, July 1999    See Reverse for Instructions

---

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To: Exhibit "B"

| | |
|---|---|
| Postage | $ .33 |
| Certified Fee | 1.40 |
| Return Receipt Fee (Endorsement Required) | 1.25 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.98 |

Postmark Here

Bot500    #10249
James Cooper

Name (Please Print Clearly) (to be completed by mailer)
James McCormack - U.S. Dist Ct Clerk
Street, Apt. No.; or PO Box No.
P.O. Box 8307
City, State, ZIP+4
P.B., AR 71601

PS Form 3800, July 1999    See Reverse for Instructions

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

3. Article Addressed to:
James McCormack
U.S. Dist. Ct. Clerk
Box 8307
P.B., AR 71601

4a. Article Number
7099 3400 0009 2984 6093

4b. Service Type
☐ Registered    ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery: 16 NOV 2000

5. Received By: (Print Name) Elaine Freyer
6. Signature (Addressee or Agent) Elaine Freyer

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    102595-99-B-0223    Domestic Return Receipt

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

3. Article Addressed to:
John L. Kearney - atty
P.O. Box 8276
Pine Bluff, AR 71611

4a. Article Number
7099 3400 0009 2989 6050

4b. Service Type
☐ Registered    ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery: 12-1-00

5. Received By: (Print Name)
6. Signature (Addressee or Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    102595-99-B-0223    Domestic Return Receipt

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A signature upon delivery
- A record of delivery kept by the Postal Service for two years

*Important Reminders:*
- Certified Mail may ONLY be combined with First-Class Mail or Priority Mail.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement *"Restricted Delivery"*.
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.

PS Form 3800, July 1999 *(Reverse)*   102595-99-M-2087

Exhibit "B"



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

James Cooper # 106249
Bot 500     6 Bks
Grady, AR. 71644-0500

1644/0500



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

James Cooper # 106249
Bot 500   6 BKS.
Grady, AR. 71644-0500

# United States Court of Appeals
*For the Eighth Circuit*
U.S. Court & Custom House
1114 Market Street
St. Louis, Missouri 63101

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 539-360
ABBS (800) 652-867
http://www.wulaw.wustl.edu/8

February 1, 2001

James W. McCormack, Clerk
US District Court
600 West Capitol, Room 402
Little Rock, AR 72201

    Re:  PB-C-98-244 James Copper, Jr. v. Larry Norris

Dear Sir:

    Enclosed is a request for permission to file a belated certificate of appealability.

    Sincerely,

    Linda L. Penberthy
    Senior Deputy Clerk

enc.

Cc James Copper
   #106249 Bks. 6-B
   P.O. Box 500
   Grady, AR 71644-0500